KEITH R. ANTZ *v*. CITY OF JEFFERSONVILLE.

[No. 1-1076A219. Filed June 7, 1977. Rehearing denied August 5, 1977. Transfer denied November 7, 1977.]

*William A. Hasbrook, Ruckelshaus, Bobbitt & O'Connor,* of Indianapolis, for appellant.

*James A. Lang,* of Jeffersonville, for appellee.

LYBROOK, J.—Plaintiff-appellant Keith R. Antz, brings this appeal from the trial court order dismissing plaintiff's complaint. Plaintiff initiated this action against the City of Jeffersonville (Jeffersonville) to gain reinstatement with and back pay from the Jeffersonville Fire Department. On April 14, 1976, the trial court entered the following judgment dismissing plaintiff's complaint:

"Comes now the plaintiff, Keith R. Antz, in person and by counsel, John G. Montgomery, and comes now the defendant, City of Jeffersonville, Indiana, by and through its attorney, James A. Lang, and the Court having heretofore heard argument on defendant's Motion to dismiss and having taken the same under advisement, the Court now being duly advised in the premises finds:

1.   That the complaint should not be dismissed by reason of the matters set forth in paragraph 2 of the defendant's motion to dismiss for the reason that the deposit of a cashier's check in the amount of $100.00 was posted in lieu of a bond and that if said deposit is deemed to be insufficient, it can be increased pursuant to the order of this Court as provided in I.C. 34-2-32-1.

2.   That service of process in this case is insufficient in that no summons was issued or served upon the City Attorney of the City of Jeffersonville pursuant to the time limitations and therefore, the plaintiff has failed to comply with Trial Rule 4.6A (4) of the Indiana Rules of Procedure, which in the opinion of this Court supercedes the provisions of I.C. 18-1-23-1 as to service of process in this case.

IT IS THEREFORE, ORDERED, CONSIDERED AND ADJUDGED by the Court that this cause be, and it is hereby dismissed.

s/ *Paul R. Schnaitter*
Paul R. Schnaitter
Special Judge"

The following issues are to be considered in this appeal:

(1) Whether plaintiff failed to perfect the filing of this lawsuit from the decision of the Board of Public Works and Safety of Jeffersonville in that he did not issue a summons to be served upon the City Attorney for the City of Jeffersonville within the prescribed time limitation.

(2) Whether plaintiff failed to perfect the filing of this lawsuit from the decision of the Board of Public Works and Safety of Jeffersonville in that he failed to post a bond for costs or in the alternative, deposit money or a cashier's check in an amount approved by the Judge of the Superior Court of Clark County.

The following facts are most relevant to these issues. The complaint for reinstatement to employment was filed on May 30, 1975, and summons were duly issued to Jeffersonville, % Richard Vissing, Mayor and % Richard Spencer, Clerk Treasurer. Jeffersonville filed the transcript of the Board of Public Works and Safety on June 10, 1975. On June 19th, 1975, Jeffersonville filed its Motion to Dismiss for Failure to State a Claim and its brief in support thereof. Plaintiff responded on July 2, 1975, issued summons to Jeffersonville in care of Robert Bottorff, City Attorney, on July 8, 1975, and filed its brief responding to defendant's Motion to Dismiss on July 21, 1975. The court held a hearing on the City's Motion to Dismiss on March 10, 1976, and on April 14, 1976, entered its order dismissing plaintiff's complaint. From this order plaintiff appeals.

I.

The first issue for our consideration is whether plaintiff failed to perfect the filing of this suit in that he did not issue a summons to the City Attorney for Jeffersonville within the prescribed time limitations.

Plaintiff brought this action pursuant to the provisions of IC 1971, 18-1-11-3 (Burns Code Ed.) the statute governing dismissals of members of police and fire fighting forces. The portion of the statute relevant to this issue states:

"Any member of such fire or police force who is dismissed from such force, as aforesaid, . . . shall have the right to appeal to the circuit court or superior court of the county in which such city is located, from such decision of dismissal or suspension by said board, but shall not have the right of appeal from any other decision. Such appeal shall be taken by such party filing in such court; within thirty [30] days after the date such decision is rendered, a bond as herein required and a verified complaint stating in concise manner the general nature of the charges against him or her, the decision of the board thereon, and a demand for the relief asserted by plaintiff. *Such city shall be named as the sole defendant and the plaintiff shall cause summons to issue as in other cases against such city.*" (Our emphasis.)

In regard to the above underlined language, "Such city shall be named as the sole defendant and the plaintiff shall cause summons to issue as in other cases against the city", plaintiff argues that IC 1971, 18-1-23-1 (Burns Code Ed.) instructs how service of process is to be accomplished in such a case. That statute states:

"In the case of suit against any city, service of process may be had upon the mayor, and in his absence, upon the city clerk . . ."

The city contends that Ind. Rules of Procedure, Trial Rule 4.6(A)(4) supercedes IC 1971, 18-1-23-1. TR. 4.6(A)(4) states:

"(A) Persons to be served. Service upon an organization may be made as follows:

\* \* \*

(4) In the case of a local governmental organization upon the executive thereof, and if a statute provides for an attorney to represent the local government organization, and an attorney occupies such position, then also upon such attorney."

Therefore, City maintains that service in the case at bar would be insufficient because plaintiff did not serve process upon the city attorney. We do not agree.

TR. 4.6(A)(4) requires that in a case involving a local governmental organization service be made upon an executive thereof and *"if a statute provides for an attorney to represent the local governmental organization, and an attorney occupies such position, then also upon such attorney."* Two possible interpretations can be read into this trial rule. The first is if any statute exists providing for an attorney to represent the local governmental organization such attorney should be given notice. The second is if the statute upon which plaintiff is bringing the action provides for an attorney to represent the local governmental organization then such attorney should be notified. We believe the latter interpretation is more reasonable. IC 1971, 18-1-6-13 (Burns Code Ed.) generally defines the powers and duties of the city attorney. It states that the city attorney "shall have the management, charge and control of the law business of such city and for each branch of its government . . . He shall conduct all legal proceedings authorized by this act, . . ." If we interpret TR. 4.6(A)(4) to mean that if any statute exists providing for an attorney to represent the local government then such attorney should be given notice, it would seem that the general statute mentioned above defining the powers and duties of the city attorney would necessitate that the city attorney always be given notice in all legal proceedings involving the city. By reading TR. 4.6(A)(4) and statutes such as IC 1971, 18-1-23-1 it appears that neither the Supreme Court nor the legislature intended the city attorney to be served with process in all legal actions involving the city but rather a fairer reading of the rule would require such service only when a statute under which a plaintiff is basing his claim provides for an attorney to represent the local governmental organization. In light of the above dis-

cussion we do not deem it necessary to discuss whether or not TR. 4.6 (A) (4) supercedes IC 1971, 18-1-23-1.

## II.

The second issue for our consideration is whether plaintiff failed to perfect the filing of this lawsuit in that he failed to post a bond for costs, or in the alternative, deposit money or a cashier's check in an amount approved by the Judge of the Superior Court of Clark County. Appellee argues that although plaintiff did file a $100 cashier's check with the Clerk of the Clark County Superior Court, he had no authority to file this check as there were no conditions filed with the court, no one approved the posting of a cashier's check instead of a bond, and no one approved the amount of the check. We disagree.

Included in Plaintiff's Brief in Support of Plaintiff's Response to Defendant's Motion to Dismiss is the following affidavit of Harry S. Paynter, Judge of the Superior Court of Clark County:

## "AFFIDAVIT

I, Judge Harry S. Paynter, being duly sworn upon my oath, say the following:

1. That I am the duly elected and acting Judge of the Superior Court of Clark County, Indiana.

2. That on May 30, 1975, I was acting in such capacity as Judge of the Superior Court of Clark County, Indiana.

3. That on or about May 30, 1975, John G. Montgomery, attorney for the plaintiff, telephoned me and asked me about a bond to be posted in a cause which later became entitled Keith R. Antz vs. City of Jeffersonville. After some discussion via telephone, I informed Mr. Montgomery that a One Hundred Dollars ($100.00) bond would be sufficient.

4. That on May 30, 1975, the Court record indicates John G. Montgomery did file an action entitled Keith R. Antz vs. City of Jeffersonville, Cause No. 75-S-166, before the Superior Court of Clark County, Indiana.

5. That the Court records indicate that I have not officially approved the One Hundred Dollars ($100.00) bond. That

this Court did, on or about May 30, 1975, inform John G. Montgomery, attorney for the plaintiff that a One Hundred Dollars ($100.00) bond would be sufficient.

I affirm, under the penalties for perjury, that the foregoing representations are true.

*Harry S. Paynter*
Harry S. Paynter, Judge
Superior Court of Clark County
July 17th/1975"

Appellant argues that certainly this court requires more than a telephone conversation to perfect the filing of a lawsuit. In the case at bar there is no reason why the posting of said cashier's check is not sufficient.

First, appellee argues that there were no conditions to the check filed with the court. The absent conditions are provided in the statute, IC 1971, 18-1-11-3, under which plaintiff brought this action. ". . . the plaintiff or plaintiffs shall file a bond, the conditions of which shall be that such appeal will be prosecuted to a final determination and that the plaintiff, or plaintiffs, will pay all costs adjudged against the same." In light of the fact that appellant has pursued his appeal and has paid all the costs incurred therefrom he has apparently met the conditions set up by the statute.

Second, appellee argues that no one authorized plaintiff to file a certified check instead of a bond and no one approved of the amount of the bond. However, it is apparent to us that Judge Paynter of the Clark County Superior Court authorized the amount of the bond as was stated in his affidavit. Also, IC 1971, 34-2-32-1 states:

"Deposit of money or check in lieu of bond.—Whenever any bond is required by law to be filed in any civil, criminal or probate proceedings, whether in a circuit or superior court, or before a justice of the peace, or mayor or any city court of a city, a deposit of cash or a properly certified check or draft for the full amount of such bond with the officer with whom such bond is required to be filed may be accepted in lieu thereof. . . ."

Appellee's allegations that no one approved the amount of the bond and no one authorized the posting of a cashier's check instead of a bond are therefore unfounded.

Appellant in the present case has adequately complied with the letter and thoroughly complied with the spirit of the procedure necessary to seek reinstatement as an employee with the Jeffersonville Fire Department. The order granting Jeffersonville's motion to dismiss should therefore be reversed and a trial held on the merits.

Reversed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 363 N.E.2d 1014.