Sharon A. **TOBIAS**, Plaintiff-Appellant,

v.

**VIOLENT CRIME COMPENSATION DI-VISION, a division of the Industrial Board of Indiana, Defendant-Appellee.**

No. 2–384A88.

Court of Appeals of Indiana,
Third District.

Oct. 31, 1984.

Aladean M. DeRose, South Bend, for plaintiff-appellant.

1. Amended by P.L. 191—1983, SEC. 3.

Linley E. Pearson, Atty. Gen., Thomas Ralph Hamill, Deputy Atty. Gen., Indianapolis, for defendant-appellee.

GARRARD, Judge.

On September 27, 1981 Sharon Tobias' (Tobias) husband was killed during a robbery while a customer at a gas station. Tobias filed a claim with the Industrial Board's Violent Crime Compensation Division (Board) for benefits pursuant to the Violent Crime Victims Compensation Act (Act), IC 16–7–3.6–1 *et seq.* She sought lost support from her husband's earnings and funeral expenses and medical expenses for the birth of the couple's last child with whom Tobias was pregnant at the time of her husband's death. The hearing officer determined that Tobias was only entitled to funeral expenses and attorney fees. Tobias appealed this decision to the Director of the Compensation Division who adopted the hearing officer's decision and, after a hearing, the full Board affirmed the director's decision on March 2, 1984. Tobias now appeals the Board's decision.

At the time Tobias applied for benefits, IC 16–7–3.6–8 [1] read, in pertinent part:

"(b) Subject to subsection (a) [requirement that the claimant suffer at least a $100 out-of-pocket loss] the division may order the payment of compensation under this chapter for:

(1) Expenses actually and reasonably incurred as a result of the bodily injury or death of the victim;

(2) Loss of income resulting directly from the bodily injury;

(3) Pecuniary loss to the legal dependents of the deceased victim; and

(4) Other actual expenses resulting from the bodily injury or death of the victim which the division determines reasonable."

The hearing officer concluded that under subsection (b)(3), "pecuniary loss" did not encompass awards for loss of future income and therefore awarded Tobias com-

pensation under (b)(3) for funeral expenses only.

Tobias maintains that lost support is included within the legal definition of the term "pecuniary loss" as used in the statute. The Board argues that the plain meaning of the term "pecuniary loss" is monetary harm or privation, e.g. cash stolen from a victim, and the legislature could have used "loss of income" language as it did in the wrongful death statute,[2] if they had intended to compensate for lost support.

■ In construing a statute, we must give effect to the plain meaning of the words used in the statute's entirety when the meaning is clear and unambiguous. *Dague v. Pipe Aircraft Corp.* (1981), Ind., 418 N.E.2d 207; *Woods v. Brown County Plan Commission* (1983), Ind.App., 446 N.E.2d 973, *transfer denied.*

IC 16–7–3.6–5 lists those who are eligible for assistance under the Act:

"Persons eligible for compensation.— (a) Except as provided in subsection (b) of this section, the following persons shall be eligible for assistance under this chapter:

(1) A victim of a violent crime;

(2) A surviving spouse or dependent child of a victim of a violent crime who died as a result of that crime;

(3) Any other person legally dependent for principal support upon a victim of a violent crime who dies as a result of that crime;

(4) A person who is injured or killed while trying to prevent a violent crime or an attempted violent crime from occurring in his presence or trying to apprehend a person who had committed a violent crime;

(5) A surviving spouse or dependent child of a person who dies as a result of trying to prevent a violent crime or an attempted violent crime from occurring in his presence or trying to apprehend a person who had committed a violent crime;

(6) A person legally dependent for principal support upon any person who dies as a result of trying to prevent a violent crime or an attempted violent crime from occurring in his presence or trying to apprehend a person who had committed a violent crime; or

(7) A person who is injured or killed while giving aid and assistance to:

(i) A law-enforcement officer in the performance of his lawful duties; or

(ii) A member of a fire department who is being obstructed from performing his lawful duties."

When a victim dies as a result of a violent crime, a common characteristic of persons eligible for compensation is their dependence for principal support on the deceased victim. The Board recognized this characteristic in its regulations promulgated under authority of the Act:

"(b) Manner of Payment. (1) In instances of claims based on physical injuries or death, the Division shall exercise its discretion in determining whether payments are to be made in a lump sum or periodically.

(2) If there are two or more persons entitled to an award as a result of the death of a person which is the direct result of a crime, the hearing officer shall apportion the award among the claimants *in the proportion the deceased victim contributed to their support.* In the event of a change of dependency of the claimant or any one of them, either by marriage of a widow or otherwise, the Division may change the proportion and the amount of the payments to the claimant."[3] (emphasis added)

Not only does the statute make eligible those persons who are dependent on the victim for support, but when two or more persons are entitled to an award, the Board apportions the payment according to the level of support provided by the deceased.

---

**2.** IC 34–1–1–2.

**3.** 480 IAC 1–1–9(b).

■ The clear meaning of the plain words used in the statute as interpreted by the Board under its statutory authority to implement it is that the legislature intended to compensate eligible claimants for the loss of support which results from the death of a victim of violent crime.

In addition, if the Board's interpretation is correct, i.e. only losses of out-of-pocket expenses may be reimbursed, how does a "pecuniary loss" in 8(b)(3) differ from actual or reasonable expenses incurred as a result of the victim's death in 8(b)(1) or 8(b)(4)? The Board's regulations concerning awards [4] state:

"(3) An award made pursuant to these rules shall be in an amount not exceeding out-of-pocket expenses, *together with* loss of actual earnings consistent with these rules, pecuniary loss to the legal dependents of a deceased victim, and other actual expenses resulting from the bodily injury or death of the victim. In no case shall the total amount of an award exceed ten thousand dollars ($10,-000.00)." (emphasis added)

The Board's own regulations recognize that an award may be made for more than out-of-pocket expenses such as funeral bills.

Finally, the legislative intent to include loss of support within the definition of "pecuniary loss" is evident from the fact that the term's definition was well settled when the statute was enacted in 1977. Under cases decided for claims brought by dependents of decedents under the wrongful death statute,[5] damages recoverable by a dependent were defined as a person's pecuniary loss. *Richmond Gas Corp. v. Reeves* (1973), 158 Ind.App. 338, 302 N.E.2d 795; *Midland Trail Bus Lines v. Martin* (1935), 100 Ind.App. 206, 194 N.E. 862. "Pecuniary loss" was defined as:

" '... the reasonable expectation of pecuniary benefit from the continued life of the deceased, to be inferred from proof of assistance by way of money, services or other material benefits rendered by the deceased prior to his death.' *Standard Forgings Co. v. Holmstrom* (1914), 58 Ind.App. 306 at 312, 104 N.E. 872 at 875."

*Lustick v. Hall* (1980), Ind.App., 403 N.E.2d 1128, 1131.

■ The Board notes that the term "pecuniary loss" does not appear in the wrongful death statute, thus attempting to distinguish those cases cited by Tobias which define "pecuniary loss." However, this attempt is without merit. It is presumed that when the legislature incorporates a well-settled legal term into a statute it intended to use it in its judicially-construed sense unless a contrary intent is expressed in the statute. *Indiana Trust Co. v. Griffith* (1911), 176 Ind. 643, 95 N.E. 573, 575.

■ Accordingly, we hold that loss of support is included within the intended meaning of "pecuniary loss" as used in IC 16–7–3.6–8 prior to its amendment in 1983.

■ Tobias claims the Board abused its discretion under IC 16–7–3.6–8(b)(4) by denying her claim for the expenses relating to the birth of a child born after the victim died. Essentially, Tobias merely has an opinion contrary to the agency which is mandated to make decisions regarding claims under the Act. Even if we agreed with Tobias' opinion, which is unsupported by any authority, we will not substitute our opinion for an agency's on a matter which is within its authority and discretion to determine. *Clarkson v. Dept. of Insurance of State of Indiana* (1981), Ind.App., 425 N.E.2d 203, 207.

■ Finally, Tobias claims she is entitled to attorney fees in excess of the statutory limit in IC 16–7–3.6–14. She argues that the limitation is punitive and acts as a deterrent in an extraordinary case such as this and asserts that the Board should be subject to rules regarding attorney fees promulgated under the Workmen's Com-

**4.** 480 IAC 1–1–9(b)(3).

**5.** IC 34–1–1–2.

pensation Act. Tobias' argument is without merit. IC 16–7–3.6–14 and rules promulgated thereunder at 480 IAC 1–1–7(b) clearly express the legislature's intent to limit attorney's fees in awards made under the Act.

We affirm the Board's denial of additional attorney fees and birth expenses and vacate the decision of the Board denying Tobias' claim for lost support and remand to the Board for proceedings consistent with this opinion.

STATON, P.J., and HOFFMAN, J., concur.