**Paula OTTERMAN, Victim, on Behalf of Thomas E. OTTERMAN, Minor, Appellant (Claimant),**

v.

**INDUSTRIAL BOARD OF INDIANA, VIOLENT CRIME COMPENSATION DIVISION, Appellee (Respondent).**

**No. 2–284A39.**

Court of Appeals of Indiana, Second District.

Nov. 27, 1984.

Ezra H. Friedlander, Friedlander & Kirsh, Professional Corp., Robert W. Rund, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Thomas R. Hamill, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

CASE SUMMARY

Appellant-claimant, Thomas E. Otterman (Otterman), seeks reversal of an Industrial Board of Indiana, Violent Crime Compensation Division (Industrial Board) decision which denied his claim for reimbursement of the funeral expenses of his mother (the

victim), his own prescription medicine expenses, and loss of income from the victim.

We reverse and remand for further proceedings.

## FACTS

The following decision, issued by a single member of the Industrial Board and adopted by the full Industrial Board, presents the relevant facts as well as the Industrial Board's limited findings of fact and conclusions of law:

## "STIPULATIONS

Counsel agree and stipulate as follows:
1. Paula L. Otterman was the victim of a violent crime on February 1, 1979 in the City of Merrillville, State of Indiana.
2. The claimant, Thomas E. Otterman, a minor, is a person eligible for benefits from the Violent Crimes Compensation Fund as a dependant [sic] of the deceased victim.
3. The only issue to be decided by this Hearing Officer is the amount of the award of benefits.

## FINDINGS

1. The claimant, Thomas E. Otterman, Jr., timely filed his application for benefits by and through the duly appointed guardian of his estate, Jake W. Rubin, on March 27, 1979.
2. On June 30, 1980 benefits were denied by Robert W. McNevin.
3. On June 30, 1980, the said guardian requested a hearing on the denial of benefits.
4. The claimant is now in the custody of his grandparents, Harry Rubin and Ethel Rubin, and is residing in La Mesa, California.
5. The Claimant requires the services and care of a psychologist; he was approximately twenty-eight (28) months old at the time of his mother's death.
6. The claimant was found at the secne [sic] of his mother's murder where he had been since her death eight (8) hours before her body was discovered.

7. According to the report of Dr. Michael R. Mantell, Ph.D, the treating clinical psychologist, the emotional and developmental difficulties being experienced by the claimant and treated by Dr. Mantell, are directly related to the sudden and traumatic separation from his mother [and] the trauma of being present during and after the murder.
8. The claimant has incurred clinical psychological treatment cost[s] of $1,700.00.

## AWARD

IT IS, THEREFORE, ORDERED that the previous denial of benefits be and the same is hereby set aside.

FURTHER, that the claimant be awarded the following sum:

a. expenses incurred for treatment by a clinical psychologist, Dr. Michael R. Mantell, Ph.D, in the amount of $1,445.00.

b. attorney fees pursuant to I.C. 16–7–3.6–14 to Ezra H. Friedlander in the amount of $255.00."

*Record* at 109–10. Because Otterman had also sought compensation for the victim's funeral expenses, loss of the victim's expected earnings, and his own expenses for prescription medicines, he now appeals.

## ISSUES

Due to our resolution of this case, we need only address these two issues:
1. Does Ind.Rules of Procedure, Appellate Rule 2(C)(1), requiring filing of a pre-appeal statement, apply to "appeals" from administrative agency decisions?
2. Did the Industrial Board issue sufficient findings of fact so as to enable us to review its decision?

## DECISION

ISSUE ONE—Does A.R. 2(C)(1), requiring filing of a pre-appeal statement, apply to "appeals" from administrative agency decisions?

PARTIES' CONTENTIONS—The Industrial Board submits that this appeal should be dismissed for lack of jurisdiction because Otterman failed to timely file a pre-appeal statement in this court. Otterman replies that A.R. 2(C)(1) does not apply to reviews of administrative decisions.

CONCLUSION—A pre-appeal statement is not required in "appeals" from administrative agency decisions.

■ This wording of A.R. 2(C)(1) is such that it creates a dichotomy between "appeals" of final judgments in trial courts and review of decisions of administrative agencies:

"(1) In civil *appeals* taken to the Court of Appeals the appellant shall, within ten (10) days of the *filing of a praecipe with the Clerk of the trial court,* file with the Clerk of the Supreme Court and Court of Appeals a copy of the praecipe, a *copy of the motion to correct errors* and the ruling thereon, a statement of the nature of the case, and the judgment entered. Failure to file such pre-appeal documents within the ten day period prescribed will forfeit the right to appeal."

(Emphasis supplied). This is so because A.R. 2(C)(1) is dressed in language of appeals from a trial court.

The rule speaks of "appeals", the filing of a "praecipe" with the "clerk of the trial court", and a "motion to correct errors". The decisions of administrative agencies are "reviewed". As was said in *State ex rel. Standard Oil Co. v. Review Bd. of the Ind. Employment Sec. Div.,* (1951) 230 Ind. 1, 12, 101 N.E.2d 60, 65, "[s]trictly speaking, it [an administrative 'appeal'] is not an appeal. It is a judicial review by the Appellate Court...." *See also Warren v. Indiana Telephone Co.,* (1940) 217 Ind. 93, 26 N.E.2d 399. Flanagan, Wiltrout, and Hamilton, in INDIANA TRIAL & APPELLATE PRACTICE, say "[a]n appeal investigates and determines the validity of a judicial decision, while a review has the same function with respect to the decision of an administrative tribunal .... While the statutes refer to an 'appeal' to the Appellate Court, it is nevertheless treated as a review." D.

FLANAGAN, F. WILTROUT & F. HAMILTON, INDIANA TRIAL & APPELLATE PRACTICE § 2113, at 3 (1952).

It is also true that motions to correct error are filed in trial courts as are praecipes. And, such documents on appeal can only be filed "with the Clerk of the Supreme Court and Court of Appeals". A.R. 2(C)(1). Further, an assignment of error is filed in this court by one seeking review of an administrative decision, unlike a motion to correct errors. *See Slinkard v. Extruded Alloys,* (1971) 150 Ind.App. 479, 277 N.E.2d 176. According to A.R. 4(C), the Court of Appeals may *"review* final decisions of the Full Industrial Board of Indiana, the Review Board of the Employment Security Division, and the Public Service Commission of Indiana and *review* final decisions of administrative bodies, boards, and persons as provided by statute for the Appellate Court and Court of Appeals." (Emphasis supplied).

To conclude that the language of A.R. 2(C)(1), cast as it is in terms of "appeals" from trial courts, requires the filing of pre-appeal statements in administrative agency cases, would be like reshaping the tortoise's shell to fit another animal's back.

There is one drawback in excluding administrative agencies from operation of the rule. Review of their decisions may often be aided by shortening the record, simplifying the issues, and stipulating facts, particularly in Public Service Commission cases. While voluntary filing by the parties is possible and should be encouraged, it is the exclusive perogative of the Indiana Supreme Court to decide if the rule should be changed.

ISSUE TWO—Did the Industrial Board adopt sufficient findings of fact to enable us to review its decision?

PARTIES' CONTENTIONS—Otterman challenges the findings of fact, claiming they did not specify why the victim's prospective earnings and funeral expenses and his own prescription medicine expenses were not compensated. The Industrial Board would have us infer that because the

facts were undisputed in this case the other claims were obviously rejected.

CONCLUSION—The Industrial Board's findings of fact were insufficient for us to review their decision-making process.

■ The statutory scheme, created in 1977 for compensation of victims of violent crimes, rather explicitly requires the Industrial Board, in reviewing an application filed with its violent crime compensation division, to issue "a written determination supported by findings of fact and conclusions of law based on the record from the hearing, investigation and the application of the claimant." Ind.Code 16–7–3.6–10(d) (1982). The imperative is there. "[T]he statement must contain all the specific facts relevant to the contested issue or issues so that the court may determine whether the Board has resolved those issues in conformity with the law." *Whispering Pines Home for Senior Citizens v. Nicalek,* (1975) Ind.App., 333 N.E.2d 324, 326, *trans. denied. See also Perez v. United States Steel Corp.,* (1981) Ind., 426 N.E.2d 29.

Here, the Industrial Board simply awarded Otterman a specified sum of money for psychiatric care, leaving numerous, material, unanswered questions. Did the Industrial Board simply inadvertently forget about the other items for which Otterman sought compensation? Did the Industrial Board determine that the other items were not compensable according to its statutory authorization? Or, did the Industrial Board simply determine, within its discretion, that it would limit compensation to psychiatric expenses? Without knowing the answers to such questions, we cannot intelligently review this appeal.

This cause is therefore remanded, and the Industrial Board is directed to enter on its records and certify to this court its findings of fact and conclusions of law in support of its decision within thirty days from this date. The parties may file supplemental briefs after such certification within the time limits specified in A.R. 8.1. This court retains jurisdiction of the appeal for the purposes of disposition on the merits following compliance with the directions set forth in this opinion.

Reversed and remanded with jurisdiction retained.

SHIELDS, J., concurs.

SULLIVAN, J., concurs in result.