Sharon A. TOBIAS, Plaintiff-Appellant,

v.

VIOLENT CRIME COMPENSATION DIVISION, A DIVISION OF the INDUSTRIAL BOARD OF INDIANA, Defendant-Appellee.

No. 2–384A88.

Court of Appeals of Indiana, Third District.

Jan. 14, 1985.

Transfer Denied April 3, 1985.

Aladean M. DeRose, South Bend, for plaintiff-appellant.

Linley E. Pearson, Atty. Gen., Thomas Ralph Hamill, Deputy Atty. Gen., Indianapolis, for defendant-appellee.

## OPINION ON REHEARING

GARRARD, Judge.

The Violent Crime Compensation Division of the Industrial Board of Indiana (Board) raised a jurisdictional issue in its appellee's brief which was not directly addressed by this court's opinion in *Tobias v. Violent Crime Compensation Division of the Industrial Board* (1984), Ind.App., 470 N.E.2d 105. The Board asserted this court lacked jurisdiction for two reasons: (1) Tobias did not file an assignment of error with the record as required by IC 22–3–4–8 and Appellate Rule 7.2(A)(1); and (2) Tobias failed to timely file a pre-appeal statement pursuant to Appellate Rule 2(C)(1).

■ As we stated in *Overshiner v. Indiana State Highway Comm.* (1983), Ind. App., 448 N.E.2d 1245, 1257:

"[T]o 'appeal' a Board decision pursuant to IC 22–3–4–8, the assignment of errors need not be filed before the record is filed. Consequently, an extension of time to file the record inherently includes an extension of time to file the assignment of errors."

In addition, Appellate Rule 7.2(C) may be used to supplement the record with materials omitted.

On March 2, 1984 the Board affirmed its award of funeral expenses to Tobias and on March 8 Tobias filed a praecipe for the record. Tobias filed the assignment of errors with the Board on March 26, 1984 rather than with this court. The clerk did not include the assignment of errors in the record received by this court April 2, 1984, after Tobias had requested and received an extension of time to May 16, 1984 in which to file the record of proceedings. Consequently, pursuant to Appellate Rule 7.2(C), on June 18, 1984 Tobias filed a petition with this court to supplement the record by ordering the Board to transmit the assignment of errors to the Court of Appeals. The petition was granted July 20, 1984.

■ Appellate Rule 7.2(C)(2) states: "Incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits." In addition, as noted in *Indiana Bell Telephone Co. v. T.A.S.I., Inc.* (1982), Ind.App., 433 N.E.2d 1195, 1206 we will dismiss an appeal for lack of jurisdiction only if no assignment of errors is timely filed with the record of proceedings or separately. Under our Appellate Rules of Procedure inadvertent errors of omission may be corrected so that valid appeals may be decided on their merits. The assignment of errors was properly made part of the record which was timely filed with this court.

■ As to the appellee's second contention we find that no pre-appeal statement was necessary in this appeal from the proceedings of the Industrial Board.

While it is true that Appellate Rule 2(C) commences by stating its application in civil appeals taken to the Court of Appeals, we think the plain language of the rule necessarily precludes its application here. By its terms the rule requires that filing with this court be made "within ten (10) days of the filing of a praecipe *with the Clerk of the trial court.*" Additionally, the rule mandates that the filing contain "a copy of the motion to correct errors and the ruling thereon."

This was an appeal from the determination of an administrative agency. There exists no trial court clerk with whom a triggering praecipe may be filed. Neither is there a motion to correct errors or a ruling thereon. We presume that had the Supreme Court intended to include within the ambit of AP 2(C) appeals taken directly from administrative agencies upon an assignment of errors it could readily have expressed that intent in the rule. We certainly will not imply it where the consequence is to deny a litigant the opportunity for appellate review. Nor do we consider that the omission was an oversight. Except in the review of certain proceedings such as some conducted by the Public Service Commission where we encourage pre-appeal conferences as a matter of voluntary submission, both the record and the assignment of errors tend to be abbreviated and not really amenable to the purpose of the rule. *Otterman v. Industrial Board* (1984), Ind.App., 471 N.E.2d 23.

Rehearing denied.

STATON, P.J., and HOFFMAN, J., concur.