Paula OTTERMAN, Victim, on Behalf of Thomas E. OTTERMAN, Minor, Appellant (Claimant),

v.

INDUSTRIAL BOARD of Indiana, VIOLENT CRIME COMPENSATION DIVISION, Appellee (Respondent).

No. 2–284A39.

Court of Appeals of Indiana, Second District.

Feb. 5, 1985.

Ezra H. Friedlander, Friedlander & Kirsh, P.C., Robert W. Rund, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Thomas R. Hamill, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

ON PETITION FOR REHEARING

The Industrial Board of Indiana, Violent Crime Compensation Division (Industrial Board) petitions for rehearing of our opinion in *Otterman v. Industrial Bd. of Ind., Violent Crime Compensation Div.* (1984), Ind.App., 471 N.E.2d 23.[1]

The Industrial Board asserts our decision contravenes the *legislative* mandate which subjects the Violent Crime Compensation Division to the same procedural rules as the Industrial Board per Ind.Code 16–7–3.-6–10(f) (1982); 480 I.A.C. 1–1–10 (1984), and which states appeals from the Industrial Board are governed by "the same terms and conditions as govern appeals in ordinary civil actions." IC 22–3–4–8 (1982). Also, a regulation says that in order to commence an appeal from the Industrial Board a party "must file [a written praecipe] *with the secretary of the board....*" 630 I.A.C. 1–1–25 (1984) (emphasis supplied).

Regardless of what the legislature may enact, it is the exclusive prerogative of the Indiana Supreme Court to establish procedural rules governing the course of litigation, and any legislative enactment which infringes upon that prerogative must yield. *State ex rel. Gaston v. Gibson Circuit Court* (1984), Ind., 462 N.E.2d 1049; *Augustine v. First Fed. Sav. & Loan Ass'n* (1979), 270 Ind. 238, 384 N.E.2d 1018; *In re Little Walnut Creek Conservancy Dist.* (1981), Ind.App., 419 N.E.2d 170.

The petition for rehearing is denied.

1. Since our opinion was handed down on November 27, 1984, the third district of this court has reached the same conclusion in *Tobias v. Violent Crime Compensation Div.* (1985), Ind. App., 473 N.E.2d 148 (on rehearing).

**1022**

SHIELDS, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

It is not the position of the Violent Crime Compensation Division that a "legislative mandate" preempts or supersedes Appellate Rule 2(C). The Division does not, in any way, challenge the "exclusive prerogative of the Indiana Supreme Court to establish procedural rules". (Majority Opinion Upon Petition for Rehearing, p. 1021). The argument appropriately presented is merely that we have erroneously interpreted Rule 2(C), and have failed to interpret the rule in the light of compatible legislative and administrative provisions.

I nevertheless concur in the denial of the Petition for Rehearing because in my view the intrinsic nature of administrative review differs substantially from the purpose and scope of our appellate function in civil appeals. While Rule 2(C) is of inestimable benefit in civil appeals, the Rule does not readily lend itself to a simplification or more expeditious resolution of administrative reviews.