Gregory D. TAYLOR, Appellant
(Plaintiff Below),

v.

Vickie LEWIS, Individually and in her Capacity as Assistant Property Manager of the Monroe Reservoir of the Indiana Department of Natural Resources; James B. Roach, Individually and in his Capacity as Manager of the Department of Natural Resources; Lewis White, Individually and in his Capacity as an Employee of the Indiana Department of Natural Re-

sources; Stephen McClain, Individually and in his Capacity as an Indiana Conservation Officer of the Indiana Department of Natural Resources; and Indiana Department of Natural Resources, Appellees (Defendants Below).

No. 53A04–9011–CV–528.

Court of Appeals of Indiana, Fourth District.

Sept. 16, 1991.

Rehearing Denied Nov. 4, 1991.

Michael C. Kendall, Kendall Law Office, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., William Eric Brodt, Deputy Atty. Gen., Indianapolis, for appellees.

MILLER, Judge.

In this case involving a suit against the Indiana Department of Natural Resources (Department), Gregory Taylor neglected to serve a summons and a copy of the complaint on the Indiana Attorney General within the two-year statute of limitations period. The trial court, relying on Ind. Code 4–6–4–1, which provides that an action involving a state department does not commence until the attorney general is served with a copy of the complaint, dismissed Taylor's action as time barred. We reverse, finding that Ind. Trial Rule 3, which provides that a civil action is commenced by the filing of a complaint or equivalent pleading with the court (but makes no mention of service) is controlling.

## FACTS

Taylor filed a complaint against the Department on August 25, 1989, seeking money damages for unjust dismissal, intentional infliction of emotional distress and defamation. He alleged that after an investigation into his background and after passing all tests, he was selected by the Depart-

ment to attend the 1987 Indiana Conservation Officer Recruit School. He further alleged he reported to the School on August 20, 1987; however, on that same date, a "Supplement to Investigation of Greg Taylor" was filed by Department Conservation Officer Stephen McClain, one of the named defendants. Taylor claims this supplemental report—which revealed poor work habits—led to his dismissal from the school on August 25, 1987.

Taylor filed a Notice of Tort Claim with the Department on February 8, 1988. On August 25, 1989,[1] he filed a complaint against the Department and Department employees Vickie Lewis, James Roach and Stephen McClain in their capacities as Department employees and as individuals. A copy of the complaint and summons was served on the Department as well as the individual defendants on August 25. Indiana Attorney General Linley Pearson did not, however, receive notice until November 27, 1989—over two years after Taylor was allegedly dismissed.

The Department moved to dismiss Taylor's case for lack of personal jurisdiction, insufficiency of process and insufficiency of service of process. After a hearing, the trial court granted the Department's motion, a finding based solely on the fact that Taylor's action was not commenced within the applicable statute of limitations because the Attorney General did not receive notice as required by Ind.Code 4-6-4-1 within that time.[2] Taylor now appeals, arguing the two-year statute of limitations for his action should have been tolled when the complaint was filed.

## DECISION

Taylor alleged he was dismissed from the Recruit School on August 25, 1987. Thus, any action relating to his dismissal accrued on that date and he had two years—or until August 25, 1989—to file his complaint. I.C. 34-1-2-2.

Taylor argues that, under T.R. 3, his action commenced when he filed the complaint. Trial Rule 3 provides as follows:

"A civil action is commenced by filing a complaint with the court or such equivalent pleading or document as may be specified by statute."

The Department, on the other hand, argues that Taylor's action did not commence until the Attorney General was served with summons and notice, citing I.C. 4-6-4-1. Ind. Code 4-6-4-1, passed long before the trial rules were adopted, provides in part:

"Whenever any such action, counterclaim, petition, or cross-complaint is filed in any court in this state in which the state of Indiana or any board, bureau, commission, department, division, agency, or officer or employee in his capacity as an employee of the state of Indiana is a party and the attorney general is required or authorized to appear or defend, or when the attorney general is entitled to be heard, a copy of the complaint, cross-complaint, petition or pleading shall be served on the attorney general *and such action, cross-action, or proceeding shall not be deemed to be commenced as to the state or any such board, bureau, commission, department, division, agency, or officer or employee in his capacity as an employee for the state of Indiana until such service....*" (emphasis supplied).

Trial Rule 3 and I.C. 4-6-4-1 are contradictory in that both provide the action commences upon the occurrence of two different events—the filing of the complaint (T.R.3) or service on the attorney general (I.C.4-6-4-1). When a statute conflicts with the rules of trial or appellate

1. This was the second anniversary date of the incident. Pursuant to Ind. Trial Rule 6(A), the two-year period of limitations begins to run on the day after the incident. *Jenkins v. Yoder* (1975), 163 Ind.App. 377, 324 N.E.2d 520. Thus, August 25, 1989, was the last day for Taylor to file his complaint.

2. The trial court also determined that Taylor could not maintain a cause of action against Lewis, Roach, White, and McClain in their individual capacities because the actions of which Taylor complains were within the scope of their responsibilities as Department employees, and fell within the general immunity granted by Ind.Code 34-4-16.5-5. Taylor does not raise this determination as an issue on appeal.

procedure, the rules of procedure govern and phrases in statutes which are contrary to the rules of procedure are to be considered a nullity. *Augustine v. First Federal Savings and Loan Ass'n.* (1979), 270 Ind. 238, 384 N.E.2d 1018; *Indiana v. Bridenhager* (1972), 257 Ind. 699, 279 N.E.2d 794; *Otterman v. Industrial Board of Indiana* (1985), Ind.App., 473 N.E.2d 1021 (on rehearing); *Southern Indiana Rural Electric Cooperative, Inc., v. Civil City of Tell City* (1979), 179 Ind.App. 217, 384 N.E.2d 1145; T.R. 1. Therefore, to the extent T.R. 3 and I.C. 4–6–4–1 are contradictory, T.R. 3 controls, and Taylor's action commenced—and the statute of limitation was tolled—on August 25, 1989, when his complaint was filed. *State ex rel. Long v. Marion Superior Court* (1981), Ind., 418 N.E.2d 218; *Geiger & Peters v. American Fletcher National Bank & Trust Co.* (1981), Ind.App., 428 N.E.2d 1279.

In *Geiger & Peters,* this court was faced with the question of whether, under T.R. 3, the statute of limitations was tolled by the filing of a complaint even though the defendant was not served with a copy of the complaint until a year after the limitations period had expired. Judge Shields, writing for the court, examined the construction placed on the identical federal rule by federal courts and concluded that "[l]iteral compliance with T.R. 3 by filing a complaint commences the cause of action and is sufficient to toll the statute of limitations." *Id.* at 1282. Unlike prior Indiana law which stated that a civil action was commenced "by filing in the office of the clerk a complaint, and *causing a summons to issue thereon; and the action shall be deemed to be commenced from the time of issuing the summons ...*", Burns Stat. § 2–802 (1967), T.R. 3 requires only the filing of a complaint to commence the action and to toll the statute of limitations.

The *Geiger & Peters* court also held that the proper procedure to be followed in a case such as this where there has been a delay in the service after filing the com-

plaint is found in T.R. 41(E), which provides:

> Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

■■■ Trial Rule 4(B) requires the person seeking service of process to prepare and provide *promptly* to the clerk the necessary number of copies of the complaint and summons. In reading T.R. 4 and T.R. 41(E), it is reasonable to conclude that a complaining party has a duty to use due diligence to secure service of process. *Geiger & Peters, supra.* However, the "remedy for failure to use diligence is not a retrospective determination the statute of limitations was not tolled, but a motion to dismiss for failure to prosecute under T.R. 41(E)".[3] *Id.* at 1281.

We also note that the State's interest is protected by T.R. 4.6, which describes the method of service in all civil cases. In particular, T.R. 4.6(A)(3) provides that in the case of a state governmental organization, service may be made upon the executive office of the organization and the Attorney General. This provision has been interpreted to require (notwithstanding the use of the word "may") service on the state agency as well as the attorney general. *Smock v. State ex. rel. Cohen* (1971), 257 Ind. 112, 272 N.E.2d 611

The Department cites *Smock, supra,* in support of its argument that Taylor's action did not commence until the attorney

---

**3.** Taylor argues that the proper remedy "is a motion for *sanctions* for failure to diligently prosecute a claim under T.R. 41". Appellant's Br. 5. However, T.R. 41(E) clearly permits the trial court to dismiss the action after a hearing if the non-diligent party cannot show sufficient cause for the delay at or before the hearing.

general was served. *Smock*, however, involved not a statute of limitations problem but the issue of when the time for filing an answer to a complaint (20 days) had elapsed. The agency involved in *Smock*—the Indiana Alcoholic Beverage Commission—was served with notice when the complaint was filed, but the Indiana Attorney General was not served until March 19, 1970. Nineteen days after the attorney general was served, Cohen moved for default judgment, which was granted. The same day, the Commission filed a motion to set aside the default judgment, which was denied. The question before our supreme court was whether the twenty days within which the Commission had to file a responsive pleading began to run when the agency was served (in which case the Commission could have been defaulted) or when the attorney general was served. The court, citing I.C. 4–6–4–1 and T.R. 4.6,[4] held that the time did not begin to run until the attorney general was served.

The crucial difference between *Smock* and the case at bar is that I.C. 4–6–4–1 and T.R. 4.6 are not contradictory and may be read *together* to mean that, for the purposes of computing time periods, the action does not commence until the attorney general is served. However, where, as here, the question is one of when the statute of limitation is tolled, I.C. 4–6–4–1 and T.R. 3 are contradictory; therefore, T.R. 3 is controlling.[5]

The Department also argues that the second phrase of T.R. 3: *"or* such equivalent pleading or document as may be specified by statute" means that *unless otherwise specified by statute,* a civil action is commenced by filing a complaint with the court. The Department misreads this provision. Rather, in our opinion, the phrase "unless otherwise specified by statute" mo-

difies the word "complaint" and recognizes that, by statute, certain actions are not commenced by filing a complaint, but by, for example, filing a petition. *See, e.g.,* 31–1–11.5–4 ("A proceeding for dissolution of marriage shall be commenced by the filing of a *petition* ...").

Here, no T.R. 41(E) motion to dismiss was filed and there is no indication in the record that the trial court considered the question of whether Taylor could show good cause why he delayed in serving the attorney general. We therefore reverse and remand for further proceedings.

CHEZEM and GARRARD, JJ., concur.

against the State Highway Commission. It served the attorney general but not the Commission with a copy of the complaint and summons. The trial court denied the State's motion to dismiss the action for lack of personal jurisdiction. This court affirmed this determination (although we reversed on other grounds), finding that the Commission had submitted to the jurisdiction of the trial court by filing interrogatories with the court.

---

4. Trial Rule 4.6 provides in part:
   (A) Service upon an organization may be made as follows:
   (3) in the case of a state governmental organization upon the executive officer therefor and also upon the Attorney General.

5. *State v. Omega Painting, Inc.* (1984), Ind.App., 463 N.E.2d 287, upon which the Department relies, is likewise distinguishable. There, the plaintiff, Omega Painting, brought an action