The CITY OF VINCENNES,
Appellant–Defendant,

v.

Holly PETHTEL, Appellee–Plaintiff.

No. 42A04–0202–CV–94.

Court of Appeals of Indiana.

Aug. 6, 2002.

Rabb Emison, Emison, Doolittle, Kolb & Roellgen, Vincennes, IN, Attorney for Appellant.

David L. Miller, Lewis & Miller, Matt Parmenter, Sturm, Smith & Parmenter, Vincennes, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Defendant, the City of Vincennes (the City), appeals the trial court's denial of its Motion to Dismiss.

We affirm.

## ISSUE

The City raises one (1) issue on appeal, which we restate as follows: whether the trial court erred in denying its Motion to Dismiss.

## FACTS AND PROCEDURAL HISTORY

On November 28, 2000, Appellee–Plaintiff, Holly Pethtel (Pethtel), filed a Complaint for Bodily Injury against the City. Pethtel's complaint alleged as follows: "That on or about July 24, 2000 Holly G. Pethtel stepped from the curb located in front of 418 W. Jefferson Street in the City of Vincennes, County of Knox, State of Indiana with her right foot and in doing so stepped into a pot hole which caused her right foot to twist and fracture." (Appellant's App. p. 8). Pethtel maintained that the City's negligence was a direct and proximate cause of her injuries. The complaint and a summons were sent to Terry Mooney, the mayor of the City.[1] Subsequently, on January 24, 2001, Pethtel filed a Motion for Default Judgment, because the City failed to "answer or otherwise defend as to the Complaint of the Plaintiff." (Appellant's App. p. 11). That same day, the trial court issued a Judgment Entry in favor of Pethtel.

On March 2, 2001, the City filed a Motion for Relief from Default Judgment. The City's motion asserted excusable neglect. The City also asserted that it had a meritorious defense. On September 7, 2001, Pethtel filed a Memorandum in Opposition to the Defendant's Motion to Set Aside Default Judgment. On November 29, 2001, the trial court entered its Order on Motion for Relief from Default Judgment. The trial court denied the City's Motion for Relief from Default Judgment, holding, in pertinent part, as follows:

[T]he Court hereby FINDS, ORDERS, ADJUDGES AND DECREES that the defendant received the plaintiff's complaint by certified mail. It was signed for by a temporary employee, and the Mayor has no recollection of the receipt of the complaint. The defendant's failure to answer the plaintiff's complaint after fifty-seven (57) days does not rise to the level of excusable neglect, despite the fact that the mail was signed for by a temporary employee.

(Appellant's App. p. 22).

On January 7, 2002, the City filed a Motion to Dismiss, alleging that "there is no jurisdiction of the action in this court." (Appellant's App. p. 29). Specifically, the City asserted that Pethtel's service of complaint and summons were not made in accordance with Ind. Trial Rule 4.6(A)(4). On January 31, 2002, the trial court entered its Order on Defendant's Motion to Dismiss. The trial court denied the City's Motion to Dismiss, holding that service was proper.

On February 22, 2002, the City filed a Motion for Grant of Interlocutory Appeal with this court. On April 3, 2002, this court granted the City's Motion for Grant of Interlocutory Appeal. This appeal followed. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

■ The City argues the trial court erred in denying its Motion to Dismiss. Specifically, the City argues that Pethtel did not properly serve the City in accordance with T.R. 4.6(A)(4). We review pure issues of law de novo. Reese v. Reese, 696 N.E.2d 460, 462 (Ind.Ct.App.1998). There are no factual issues in dispute in this case. There are only issues of law in dispute.

---

1. While it is not in the record, we note that both the City and Pethtel acknowledge that a Tort Claim Notice was served upon the City on August 10, 2000.

Accordingly, we will apply a *de novo* standard of review.

T.R. 4.6 provides, in pertinent part, as follows:

(A) Persons to be served. Service upon an organization may be made as follows:

. . .

(4) In the case of a local governmental organization upon the executive thereof, and if a statute provides for an attorney to represent the local government organization, and an attorney occupies such position, then also upon such attorney.

Additionally, Ind.Code § 36–4–9–8 provides, in pertinent part, as follows: "(a) This section applies only to third class cities. (b) The city executive shall appoint: . . . (2) a city attorney."[2]

With the above in mind, the City maintains that Pethtel did not properly serve the City, because only the mayor, i.e. the executive, received a copy of the complaint and summons. It is the City's contention that I.C. § 36–4–9–8 is a statute that provides for an attorney to represent the local government. Furthermore, there is an attorney that occupies such a position for the City. Therefore, the City insists that Pethtel failed to comply with T.R. 4.6(A)(4) when she did not also serve the city attorney with a copy of the complaint and summons.

However, in *Antz v. City of Jeffersonville*, 173 Ind.App. 256, 260–61, 363 N.E.2d 1014, 1017 (1977), this court held as follows:

TR. 4.6(A)(4) requires that in a case involving a local governmental organization service be made upon an executive thereof and 'if a statute provides for an attorney to represent the local government organization, and an attorney occu-

pies such position, then also upon such attorney.' Two possible interpretations can be read into this trial rule. The first is if any statute exists providing for an attorney to represent the local governmental organization such attorney should be given notice. The second is if the statute upon which plaintiff is bringing the action provides for an attorney to represent the local governmental organization then such attorney should be notified. We believe the latter interpretation is more reasonable. IC 1971, 18—1—6—13 (Burns Code Ed.) generally defines the powers and duties of the city attorney. It states that the city attorney 'shall have the management, charge and control of the law business of such city and for each branch of its government . . . He shall conduct all legal proceedings authorized by this act, . . .' If we interpret TR. 4.6(A)(4) to mean that if any statute exists providing for an attorney to represent the local government then such attorney should be given notice, it would seem that the general statute mentioned above defining the powers and duties of the city attorney would necessitate that the city attorney always be given notice in all legal proceedings involving the city. By reading TR. 4.6(A)(4) and statutes such as IC 1971, 18—1—23—1 it appears that neither the Supreme Court nor the legislature intended the city attorney to be served with process in all legal actions involving the city but rather a fairer reading of the rule would require such service only when a statute under which a plaintiff is basing his claim provides for an attorney to represent the local governmental organization.

I.C. § 18–1–23–1 has since been repealed. Consequently, the City asserts that the

2. The City asserts, and Pethtel does not dispute, that it is a third class city.

repeal of this statute invalidates *Antz.* We disagree. I.C. § 18–1–23–1 stated "[i]n the case of suit against any city, service of process may be had upon the mayor, and in his absence, upon the city clerk ..." *Antz,* 363 N.E.2d at 1016. With T.R. 4.6(A)(4) and statutes such as I.C. § 18–1–23–1, this court asserted that neither our legislature nor our supreme court intended that the city attorney must be provided with notice every time there is a legal proceeding involving the city simply because a statute exists providing for a city attorney to represent the local government. *See id.* at 1017. Rather, a city attorney only needs to be served with notice when a statute under which a plaintiff is basing her claim provides for an attorney to represent the local government. *See id.* The repeal of I.C. § 18–1–23–1 does not nullify this court's interpretation of T.R. 4.6(A)(4); this is especially true considering the fact that the language of T.R. 4.6(A)(4) has not changed since *Antz.* Furthermore, the City does not explain why it believes the repeal of I.C. § 18–1–23–1 has an affect on the validity of *Antz.*

The City argues that the following case law directly conflicts with this court's holding in *Antz* and should be used in lieu of *Antz.* Again, we disagree and explain our reasons for each. In *Smith v. Johnston,* 711 N.E.2d 1259, 1260–61 (Ind.1999), our supreme court held as follows: "We hold that a default judgment must be set aside under Trial Rule 60(B)(3) for misconduct where the plaintiff's attorney filed suit and pursued the default judgment without notifying the attorneys whom she had been advised in writing were representing the defendant in the matter." The City insists that because Pethtel had knowledge of the existence of the city attorney, she should have served the city attorney with a copy of the complaint and summons. It is irrelevant that Pethtel knew that the City had a city attorney. Her cause of action was not based upon a statute that provides for an attorney to represent the local government. *See Antz,* 363 N.E.2d at 1017. Furthermore, *Smith* was a medical malpractice case that had gone to a medical review panel. The attorneys that represented the parties during the panel proceedings were the same attorneys that represented the parties at the trial court level. Thus, in effect, it was the same representation of the same parties in an ongoing case. Here, the city attorney may or may not be the attorney representing the city in a slip and fall case. Additionally, this is a new case that was not previously pending, unlike *Smith.*

Next, the City cites to *Taylor v. Lewis,* 577 N.E.2d 986, 988–89 (Ind.Ct.App.1991), *reh'g denied, trans. denied,* in which this court held: "When a statute conflicts with the rules of trial or appellate procedure, the rules of procedure govern and phrases in statutes which are contrary to the rules of procedure are to be considered a nullity." While it is not stated, we assume that the City cites to *Taylor* because of the holding in *Antz* that a city attorney only needs to be served if the plaintiff's cause of action is based upon a statute which provides for an attorney to represent the local government. *See Antz,* 363 N.E.2d at 1017. Here, we do not have a statute that conflicts with a trial rule. Furthermore, *Antz* had nothing to do with conflicting statutes and trial rules. *Antz* explained that T.R. 4.6(A)(4) is to be used in conjunction with statutes. Consequently, we find that *Taylor* has no relevance to the instant case.

■ Finally, the City cites to *Smock v. State ex rel. Cohen,* 257 Ind. 112, 114–15, 272 N.E.2d 611, 613 (1971), in which our supreme court stated:

> The appellees argue that the word 'may' as used in Trial Rule 4.6 instead of the word 'shall' indicates that service upon the attorney general is merely permis-

sive. With this we do not agree. The word 'may' as used in the Rule merely indicates the various forms of service which are thereafter stated. It is in no way a qualification upon the requirements set out in paragraph (3) of that Rule as above quoted.

Because the City gives us no explanation as to why it cites to this case, we can only assume that the City interprets *Smock* to mean that under T.R. 4.6(A)(4), service upon a city attorney is required in any legal proceeding against a local government if that local government has such an attorney. This is not the interpretation that we would give *Smock*. We hold that *Smock* and *Antz* can be read together to mean that service upon a city attorney is required if a plaintiff's cause of action is based upon a statute that provides for an attorney to represent the local government. We have no such statute here.

With the above in mind, it is our determination that *Antz* is still valid case law. Furthermore, the City has not directed our attention to any specific case, statutory, or other law that conflicts with this court's holding in *Antz*. Consequently, because Pethtel's cause of action was not based upon a statute that provides for an attorney to represent the local government, we cannot find that the trial court erred in denying the City's motion to Dismiss. *See Antz*, 363 N.E.2d at 1017.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly denied the City's Motion to Dismiss.

Affirmed.

ROBB, J., and MATTINGLY–MAY, J., concur.