ALCOHOLIC BEVERAGE COMMISSION *v.* STATE,
EX REL. COHEN, ET AL.

[No. 770S143.  Filed September 1, 1971.]

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellant.

*James W. Bradford,* of Indianapolis, for appellees.

GIVAN, J.—This is an appeal from a default judgment on a complaint for mandate against the Indiana Alcoholic Beverage Commission.

The record discloses the following facts:

The appellees made application for licenses to the Indiana Alcoholic Beverage Commission for package liquor store permits to sell malt beverages, spiritous beverages and vinous beverages at retail in the City of Indianapolis, Indiana. The Commission refused to accept the applications. The appellees then filed a complaint for mandate in the trial court. A copy of the complaint was not served upon the Attorney General of Indiana until the 19th day of March, 1970. On April 7, 1970, the appellees moved the trial court for a default judgment, which motion was granted. On the same day the motion for default was granted the appellant filed a motion to dismiss the complaint for mandate on the ground that there was an adequate remedy at law by way of appeal available to the appellees. On the same day appellant also filed its motion to set aside the default judgment, which motion was denied by the trial court. There is nothing in the record to indicate that the motion to dismiss filed by the appellant was ever acted upon by the trial court.

Trial Rules 6 (C) and 12 (B) afford every defendant twenty days from the date of required service in which to file

a responsive pleading to a complaint. Burns Ind. Stat., 1970 Supp., § 49-1937 provides in pertinent part as follows:

"Whenever any such action, counter-claim, petition or cross-complaint is filed in any court in this state in which the state of Indiana or any board, bureau, commission, department, division, agency or officer or employee in his capacity as an employee of the state of Indiana is a party and the attorney-general is required or authorized to appear or defend, or when the attorney-general is entitled to be heard, a copy of the complaint, cross-complaint, petition, bill or pleading shall be served on the attorney-general and such action, cross-action or proceeding shall not be deemed to be commenced as to the state or any such board, bureau, commission, department, division, agency or officer or employee in his capacity as an employee of the state of Indiana until such service. . . ."

Trial Rule 4.6 provides in pertinent part as follows:

"(A)   Service upon an organization may be made as follows:
* * *

"(3)   In the case of a state governmental organization upon the executive officer thereof and also upon the Attorney General."

The language of the statute and the rule are clear. Appellees' action in mandate cannot be deemed to have been commenced until the attorney general received service of a copy of the complaint. As shown by the record in this case, only nineteen days had expired from the date of service upon the attorney general when the trial court entered the default judgment. At that time the appellant had one more day to file a responsive pleading.

The appellees argue that the word "may" as used in Trial Rule 4.6 instead of the word "shall" indicates that service upon the attorney general is merely permissive. With this we do not agree. The word "may" as used in the Rule merely indicates the various forms of service which are thereafter stated. It is in no way a qualification

upon the requirements set out in paragraph (3) of that Rule as above quoted.

We, therefore, hold the trial court erred in entering the default judgment and also erred in overruling appellant's motion to set aside the default

The appellant also argues that the trial court did not have jurisdiction in the mandate suit for the reason that the statute, Burns Ind. Stat., 1961 Repl., § 63-3026, provides an appropriate remedy of appeal to the appellees. With this we cannot agree. The remedy afforded in the statute contemplates a hearing on the application and judicial review of such hearing.

In the case at bar the Commission refused to entertain the applications. There was no hearing from which the appellees could appeal.

Under the statute, Burns Ind. Stat., 1956 Repl., § 12-401 *et seq.*, and as amended as shown in the 1970 Supplement, the Commission has a duty to accept proper applications. Upon refusal of the Commission to accept proper applications, the applicants have the remedy of mandate. See *Thomas* v. *Lauer* (1949), 227 Ind. 432, 86 N. E. 2d 71.

Section 12-443 of the statute states there is no property right in a liquor permit and further states that no court shall have jurisdiction of any action at law or in equity to compel the issuance of a permit. However, in the case at bar the appellees did not ask and the trial court did not mandate the issuance of a license. The complaint in mandate asked that the applications be received and processed according to law. Such was the extent of the trial court's order. Therefore, neither the action filed nor the judgment rendered thereon were prohibited by the above section of the statute.

The cause is, therefore, remanded to the trial court with instructions to sustain appellant's motion to set aside the default and to proceed with the case consistent with this opinion.

Arterburn, C. J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 272 N. E. 2d 611.