**Beulah M. EVANS, Appellant–Petitioner,**

v.

**The STATE of Indiana and Indiana Family & Social Services Administration, Appellees–Respondents.**

No. 21A01–0903–CV–152.

Court of Appeals of Indiana.

July 13, 2009.

Rehearing Denied Sept. 15, 2009.

Douglas R. Denmure, Aurora, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

BARNES, Judge.

### Case Summary

Beulah Evans appeals the dismissal of her petition for judicial review. We reverse.

### Issues

Evans raises one issue, which we restate as:

I.  whether the trial court had subject matter jurisdiction over her petition for judicial review;  and

II.  whether the trial court had personal jurisdiction over the Indiana Family and Social Services Administration ("FSSA").

## Facts

On August 28, 2008, an administrative law judge ("ALJ") decided that Evans was not eligible for certain Medicaid coverage because of a transfer of property violation. On September 18, 2008, the FSSA affirmed the ALJ's decision. On October 8, 2008, Evans filed a verified petition for judicial review with the trial court. That same day, a summons was sent to Governor Daniels at the Statehouse via certified mail. The caption of the summons and first line of the summons named the State and the FSSA as respondents. Another summons was sent to the Attorney General via certified mail. This summons, too, referred to the State and the FSSA as respondents.

On October 29, 2008, a Deputy Attorney General filed an appearance on behalf of the State and the FSSA (collectively, "the Appellees") and requested an extension of time to respond to Evans's petition. On December 1, 2008, the Appellees filed a motion to dismiss Evans's petition for judicial review. On January 2, 2009, Evans filed a motion for amendment of process requesting that she be permitted to serve E. Mitchell Roob, Jr., the secretary of the FSSA. After a hearing, the trial court granted the Appellees' motion to dismiss, concluding that it did not have "jurisdiction over this cause." App. p. 4. Evans now appeals.

## Analysis

Evans argues that the trial court improperly granted the Appellees' motion to dismiss. On appeal, the alleged bases for the Appellees' motion to dismiss are lack of subject matter jurisdiction and lack of personal jurisdiction.[1] *See* Ind. Trial Rules 12(B)(1) & (2). "The standard of appellate review of rulings on motions to

dismiss on jurisdictional grounds depends on whether the trial court resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record." *Wayne County Property Tax Assessment Bd. of Appeals v. United Ancient Order of Druids–Grove No. 29*, 847 N.E.2d 924, 926 (Ind.2006). We review de novo a ruling on a motion to dismiss for lack of jurisdiction if the facts are not disputed or the court rules on a paper record. *Id.* Here, the trial court's decision is based on a paper record. Thus, our review is de novo.

### I. Subject Matter Jurisdiction

■ Indiana Code Section 4–21.5–5–8 describes who a petitioner seeking judicial review must serve and how service is to be achieved. This section provides:

(a) A petitioner for judicial review shall serve a copy of the petition upon:

(1) the ultimate authority issuing the order;

(2) the ultimate authority for each other agency exercising administrative review of the order;

(3) the attorney general; and

(4) each party to the proceeding before an agency;

in the manner provided by the rules of procedure governing civil actions in the courts. If the ultimate authority consists of more than one (1) individual, service on the ultimate authority must be made to the secretary or chairperson of the ultimate authority.

(b) The petitioner shall use means provided by the rules of procedure governing civil actions in the courts to give notice of the petition for review to all

---

1. Although the Appellees mentioned Indiana Trial Rules 12(B)(5) and (6) in their motion to dismiss, the motion was based on the alleged lack of jurisdiction.

other parties in any proceedings that led to the agency action.

Ind.Code § 4–21.5–5–8.

It is undisputed that Evans's petition for judicial review was timely filed with the trial court and that the Attorney General was properly served. At issue is Evans's summons that was addressed to Governor Daniels instead of Secretary Roob, as the ultimate authority for the agency issuing the order. Although the FSSA letterhead names only Governor Daniels, Indiana Code Section 12–8–6–6(a)[2] provides, "For purposes of IC 4–21.5, the secretary is the ultimate authority for the state Medicaid program." Therefore, Secretary Roob was the ultimate authority issuing the order and should have been served. Nevertheless, we cannot conclude that the failure to serve Secretary Roob deprived the trial court of subject matter jurisdiction.

■ The question raised by the Appellees is whether Evans's failure to comply with the statutory service requirements deprives the trial court of subject matter jurisdiction. In the past we have concluded, "Before the jurisdiction of the trial court may be invoked for review of an administrative action, the plaintiffs must have complied with the statutorily provided procedures." *Prohosky v. Dept. of Natural Res.*, 599 N.E.2d 611, 613 (Ind.Ct. App.1992). Our supreme court has more recently clarified, "Attorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension." *K.S. v. State*, 849 N.E.2d 538, 541 (Ind.2006). " 'The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs.' " *Id.* at 542

(quoting *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind.2000)). "*Real* jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts." *Id.*

Regarding the timely filing of a complaint in the Tax Court, our supreme court held:

> Because the timeliness of filing does not affect the subject matter jurisdiction of the Tax Court, any objection to the timeliness of filing is a procedural rather than jurisdictional error that can be waived if not raised at the appropriate time. Timely filing relates to neither the merits of the controversy nor the competence of the court to resolve it.

*Packard v. Shoopman*, 852 N.E.2d 927, 931–32 (Ind.2006).

There is no dispute that the Fayette Circuit Court had jurisdiction over the general class of actions at issue here— petitions for judicial review of agency actions. Therefore, Evans's failure to comply with the service requirements of Indiana Code Section 4–21.5–5–8 should be viewed as a procedural defect, not jurisdictional. This procedural defect is not fatal because, as we discuss in the next section, the summons was reasonably calculated to inform the FSSA that an action has been instituted. *See* Ind. Trial Rule 4.15(F). The trial court had subject matter jurisdiction over Evans's petition for judicial review.

---

**2.** Contrary to Evans's argument, it does not appear that Indiana Code Chapter 6 is expired. Indiana Code Section 12–8–6–10 now provides that this chapter expires on January 1, 2010. *See also* P.L. 113–2008 § 9 (legalizing and validating actions taken after December 31, 2007, and before March 24, 2008).

## II. Personal Jurisdiction

■ Generally speaking, ineffective service of process prohibits a trial court from having personal jurisdiction over a defendant. *Thomison v. IK Indy, Inc.*, 858 N.E.2d 1052, 1055 (Ind.Ct.App.2006). This, however, is not a case where there was a total lack of service. The Appellees concede that "Evans may have timely filed her petition and summonses and served them upon the Attorney General and the Governor." Appellees' Br. p. 9. They argue that "service was never directed to the FSSA and service was not reasonably calculated to reach the FSSA." *Id.* We disagree.

■ Indiana Trial Rule 4.6(A) describes the persons to be served when service is made upon an organization. Regarding state governmental organizations, this Rule provides that service may be made upon the executive officer of the organization and the Attorney General. T.R. 4.6(A)(3). There is no dispute that the Attorney General was properly served. As for whether the FSSA also had to be served, Evans argues that this rule does not require service on both the FSSA and the Attorney General because it uses the term "may" instead of "shall." Although Indiana Trial Rule 4.6(A) does use the word "may," our supreme court has rejected an argument that service on the attorney general was merely permissive under Indiana Trial Rule 4.6(A)(3). *Smock v. State ex rel. Cohen*, 257 Ind. 112, 114, 272 N.E.2d 611, 613 (1971). The *Smock* court observed, "The word 'may' as used in the Rule merely indicates the various forms of service which are thereafter stated. It is in no way a qualification upon the requirements set out in paragraph (3) of that Rule as above quoted." *Id.* at 114–15, 272 N.E.2d at 613. Based on our reading of *Smock*, Evans was required to serve both the FSSA and the Attorney General.

■ Regarding Evans's service on the FSSA, even though Evans incorrectly sent one summons to the Governor instead of Secretary Roob, we conclude that dismissal for lack of personal jurisdiction was not warranted. Indiana Trial Rule 4.15(F) provides, "No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." Concerning personal jurisdiction and service of process, we have said:

> Under Indiana Trial Rule 4.15(F), no summons or service of process shall be set aside if either is reasonably calculated to inform the defendant of the impending action against him. Thus, Trial Rule 4.15(F) will prevent service of process which is technically deficient from defeating the personal jurisdiction of a court. [A]lthough actual notice alone will not cure defective service, it may be considered in determining whether the notice was reasonably calculated to inform an organization of the action.

*Thomison*, 858 N.E.2d at 1058 (quotations and citations omitted).

In *Thomison*, the defendant claimed that where a summons was served by leaving a copy of the complaint and summons at her residence, the trial court lacked personal jurisdiction because the plaintiff did not provide her with copy service by mail pursuant to Indiana Trial Rule 4.1(B). *Id.* at 1056. We concluded, "Because Thomison concedes that the summons and complaint were delivered to her residence and makes no argument that she did not receive the complaint, she has not met the burden of proving the lack of personal jurisdiction by a preponderance of the evidence." *Id.* at 1059.

Similarly, the FSSA had actual notice of the petition for judicial review because on

October 29, 2008, a deputy attorney general entered an appearance on behalf of the State *and* the FSSA. That same day, the Appellees moved for an enlargement of time to file a responsive pleading. In the supporting motion, the FSSA stated in part:

1. Petition was filed on October 8, 2008.

2. According to a Fayette Clerk Office employee contacted by this office, Petition and Summons were been [sic] issued by the Clerk's Officer on October 8, 2008.

3. Petition and Summons were delivered upon the Indiana Attorney General on October 16, 2008 via Certified Mail.

4. Thus, IFFSA's responsive pleading is arguably due on or about October 31, 2008.

5. Undersigned counsel was assigned to represent IFSSA in this matter on or about October 17, 2008, and has not yet had the opportunity to complete necessary investigation of fully discuss this matter with his client....

6. Counsel for IFSSA requests an enlargement of thirty (30) days, specifically to the end of the calendar day of November 30, 2008, to prepare a responsive pleading.

7. This is the first enlargement of time requested by the IFSSA and is made of necessity and not interposed for delay.

App. pp. 40–41. The FSSA clearly had actual notice of Evans's petition for judicial review, and the Attorney General had expressly undertaken to represent the FSSA.

Not only did the FSSA have actual notice of the action, but we conclude that the summons itself was reasonably calculated to inform the FSSA of the action. The summons specifically named the FSSA as a respondent twice. Although it was addressed to the Governor, the Final Agency Action and Notice of Hearing Decision both named only the Governor on the letterhead. The fact that the Final Agency Action indicated that Secretary Roob had reviewed the ALJ's findings and conclusion does not show that the service of a summons on the Governor was not reasonably calculated to inform the FSSA of the action. *See State ex rel. Sendak v. Marion County Superior Court, Room No. 2,* 268 Ind. 3, 9, 373 N.E.2d 145, 149 (1978) ("We recognize that the executive power of the government is vested not in the various departments and agencies, but in the Governor alone.").

Because the summons and service thereof were reasonably calculated to give the FSSA notice of the action and the FSSA had actual notice of the action, they shall not be set aside. *See* T.R. 4.15(F). The trial court had personal jurisdiction over the FSSA.[3]

## Conclusion

Because the trial court had subject matter jurisdiction over Evans's petition for judicial review and personal jurisdiction over the FSSA, the trial court improperly dismissed Evans's petition. We reverse.

Reversed.

BAKER, C.J., and MAY, J., concur.

---

3. Because of this conclusion we need not address the Appellees' argument regarding Indiana Trial Rule 4(A), which provides, "The court acquires jurisdiction over a party or person who under these rules commences or joins in the action, is served with summons or enters an appearance, or who is subjected to the power of the court under any other law."