**FORT WAYNE METROPOLITAN HU-MAN RELATIONS COMMISSION,**
**Appellant–Plaintiff,**

v.

**MARATHON GAS STATION**
**(Nachhatar Stores, Inc.),**
**Appellee–Defendant.**

No. 02A04–0908–CV–465.

Court of Appeals of Indiana.

May 5, 2010.

Gerald Foday, Dawn D. Cummings, Metropolitan Human Relations Commission, Fort Wayne, IN, Attorneys for Appellant.

Stephen J. Harants, Miller & Harants, New Haven, IN, Attorney for Appellee.

### OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, Fort Wayne Metropolitan Human Relations Commission (Commission), brings this interlocutory appeal of the trial court's grant in favor of the defendant, Nachhatar's Stores Inc. d/b/a Marathon Gas Station (Nachhatar),[1] motion to strike jury demand.

We reverse and remand with instructions to dismiss.

### ISSUE

The Commission raises five issues for our review; however, only one of which we find dispositive and which we restate as follows: Whether the trial court has subject matter jurisdiction.

### FACTS AND PROCEDURAL HISTORY

On October 11, 2006, Genell Soulier (Soulier) filed a charge of discrimination with the Commission against her employer, Nachhatar, alleging sexual harassment by management and employees. On December 11, 2006, Soulier added an additional charge, alleging retaliation for filing the October 2006 complaint by refusing to allow her to return to her position after returning from maternity leave. After an investigation, the Commission's Determination Panel concluded that "substantial evidence" existed to support a finding of probable cause to conclude "that the case merit[ed] further efforts by the Commission." (Appellant's App. Exh. P, p. 63).

On March 19, 2008, pursuant to Commission Rule 2, 1–2.6—permitting a party before the Commission to elect to proceed before a court of competent jurisdiction—Nachhatar indicated, in writing, that it wished to make the election. As a result, on December 11, 2008, the Commission's Determination Hearing Panel dismissed Soulier's case, without prejudice. Seven days later, the Commission, in its capacity as a party in a lawsuit, filed a Complaint against Nachhatar for employment discrimination and retaliation in Allen County Superior Court. The Commission also requested a trial by jury. Soulier was not named a party to the suit.

On February 5, 2009, Nachhatar filed a motion to strike the Commission's jury demand, citing to Indiana Code section 22–9–1–17(c), which states, "A civil action filed under this section must be tried by the court without benefit of a jury." (Appellant's App. p. 17). In response, on February 27, 2009, the Commission filed a motion in opposition of Nachhatar's motion to strike jury demand, stating, among other things, that the Commission is entitled to a jury trial under the Seventh Amendment of the United States Constitution, Article 1, § 20 of the Indiana Constitution, and I.C. § 22–9–1–12.1(c)(9). A hearing was held on March 27, 2009. On June 4, 2009, the trial court issued an Order granting Nachhatar's motion to strike jury demand. On July 17, 2009, the trial court granted the Commission's motion to certify the trial court's order for interlocutory appeal and we accepted jurisdiction pursuant to Indiana Appellate Rule 14(B).

The Commission now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

The Commission was created pursuant to the authority granted by the Indiana

---

1. Throughout the record, there are two variations of spelling for Nachhatar. We use the spelling provided by the Appellee. (Appellee's Br. p. 2, fn 1).

Civil Rights Law, I.C. §§ 22–9–1–1 through 22–9–1–18. Among other things, I.C. § 22–9–1–12.1 provides:

> Any city, town or county is hereby authorized to adopt an ordinance or ordinances, which may include establishment or designation of an appropriate local commission, office, or agency to effectuate within its territorial jurisdiction the public policy of the state as declared in [I.C. § 22–9–1–2][2] without conflict with any of the provisions of this chapter.

Pursuant to this statute, the City of Fort Wayne adopted a civil rights ordinance, set forth in Fort Wayne City Ordinance Title IX, Chapter 93. The Commission was established in Chapter 93.050, stating that the Commission has the power to:

> (1) Investigate, conciliate and hear complaints;
>
>           . . .
>
> (6) Make findings and recommendations;
>
> (7) Issue cease and desist orders requiring remedial action;
>
> (8) Order payment of actual damages, except that damages to be paid as a result of discretionary practices relating to employment shall be limited to lost

wages, salaries, commissions or fringe benefits;

> (9) Institute action for appropriate legal or equitable relief in an appropriate court.

(Appellee's App. p. 78, Fort Wayne City Ordinance Chapter 93.054). This provision is nearly identical to the powers set forth in the Indiana Civil Rights Commission. *See* I.C. § 22–9–1–12.1.

■■■ The Commission contends that the trial court erred in striking its demand for a jury trial. Specifically, the Commission argues that a valid election to move the case from the jurisdiction of the Commission to a trial court under Indiana Code section 22–9–1–16 was not made.[3] Additionally, the Commission concedes that it failed to agree to the election, but also that because Soulier was the complaining party at the time Nachhatar made its election, her written agreement to the election was necessary. Therefore, the Commission argues, because proper election was not made, Indiana Code section 22–9–1–17(c), which prohibits a jury trial, was not triggered.[4] Nachhatar, responds, arguing that a valid election was made pursuant to Commission Rule 2, 1–2.6, and that as a result, the Commission's request for a jury

---

2. The statute provides:

It is the public policy of the state to provide all of its citizens equal opportunity for education, employment, access to public conveniences and accommodations, and acquisition through purchase or rental of real property, including but not limited to housing, and to eliminate segregation or separation based solely on race, religion, color, sex, disability, national origin or ancestry, since such segregation is an impediment to equal opportunity. I.C. § 22–9–1–2(a).

3. The Commission also mentions that I.C. § 22–9–1–17(c) is unconstitutional; however, it fails to provide any support for its argument. Thus, we will not address that issue. *See* Ind. Appellate Rule 46(A)(8) ("The argument must contain the contentions of the ap-

pellant on the issues presented, supported by cogent reasoning").

4. We note that when the Commission filed its Complaint with the trial court, it made no objection to Commission Rule 1–2.6. In fact, in the Complaint, it states, "Pursuant to Commission Rule[2] 1–2.6, because [the Commission] has dismissed the case filed under the Ordinance, [the Commission] now [h]as authority [to] file this case in civil court." (Appellant's App., Exh. C, p. 12). Insofar as the Commission now attempts to argue that because both parties did not agree to the election and I.C. § 22–9–1–17(c) does not apply, failure to raise an issue before the trial court will result in waiver of that issue. *Van Winkle v. Nash*, 761 N.E.2d 856, 859 (Ind.Ct.App. 2002).

trial is specifically prohibited by Indiana Code section 22–9–1–17(c).

Claims are first presented by filing a complaint with the Commission, which investigates the complaint. (Appellant's App. p. 106, Commission Rule 3, 1–4.4). Then, the Determination Panel, consisting of no more than two Commissioners within the Commission, determines if probable cause exists to support an inference of discrimination. (Appellant's App. p. 100, Commission Rule 1, 1–1.2(k); p. 106, Commission Rule 3, 1–4.4). At this point, parties to the case may elect to move the claim from the Commission to a trial court. (Appellant's App. p. 103, Commission Rule 2, 1–2.6). According to the requirements set forth in I.C. § 22–9–1–16:

> A respondent or a complainant may elect to have the claims that are the basis for a finding of probable cause decided in a civil action as provided by section 17 of this chapter. However, *both the respondent and the complainant must agree in writing* to have the claims decided in a court of law. *The agreement must be on a form provided by the commission.*

(Emphasis added). However, Commission Rule 2, 1–2.6 states, in pertinent part, "A party to a case before the Commission may elect, in writing, to proceed before a court of competent jurisdiction. If an election is made, the Commission shall dismiss the case, without prejudice." (Appellant's App. p. 103). Thus, according to the Commission Rules, only one party to the case needs to make the election to proceed before a trial court, whereas I.C. § 22–9–1–16 requires that both the respondent and the complainant agree in writing, on a form provided by the Commission.

■ In an attempt to evade the requirements set forth in I.C. § 22–9–1–16, the Commission argues that the Home Rule "abrogates the traditional rule that local governments possess only those powers expressly authorized by statute." (Appellant's Br. p. 26). We do not find this argument to be persuasive. Under the Home Rule Act (Act), codified in Indiana Code chapter 36–1–3, "[t]he policy of the state is to grant [counties, municipalities and townships] all the powers that they need for the effective operation of government as to local affairs." I.C. § 36–1–3–2. However, the statute clearly states that "If there is a constitutional or statutory provision requiring a specific manner for exercising power, a unit wanting to exercise the power must do so in that manner." I.C. § 36–1–3–6(a). Here, there is a statutory provision that directly requires a specific manner for exercising power, and the Commission must follow that rule. *See also Lee Alan Bryant Health Care Facilities, Inc. v. Hamilton*, 788 N.E.2d 495, 500 (Ind.Ct.App.2003), *clarified on other grounds on reh'g*, (finding that with respect to State agencies, "An agency, [ ] may not by its rules and regulations add to or detract from the law as enacted, nor may it by rule extend its powers beyond those conferred upon it by law. Any regulation that conflicts with statutory law is wholly invalid." (Citations and quotation marks omitted, correction in original)).

Additionally, Indiana Code section 22–9–1–12.1(b) states that the authority granted to towns and cities to create ordinances, which include the power to establish local commissions must be "without conflict with any provisions of this chapter." Based on the clear intent by the legislature that local commissions may not create rules and regulations inconsistent with the statute, we find that Commission Rule 2, 1–2.6 to be invalid.

■ Having determined that Commission Rule 2, 1–2.6 contravenes the requirements set forth in Indiana Code section 22–9–1–16, which clearly expresses the leg-

islature's intent that *both* the complainant and the respondent must agree, in writing, on a form provided by the commission, we find that this procedural error prevents the trial court from exercising its jurisdiction.[5] *Evans v. State,* 908 N.E.2d 1254, 1257 (Ind.Ct.App.2009) (stating that in the context of reviewing administrative actions, before the jurisdiction of the trial court may be invoked for review, the plaintiffs must first comply with the statutorily provided procedures.) Thus, we remand with instructions to dismiss.

### CONCLUSION

Based on the foregoing, we conclude that Commission Rule 2, 1–2.6 contravenes I.C. § 22–9–1–16 and as a result, the parties failed to comply with the procedural requirements and the trial court cannot exercise its jurisdiction.

Reversed and remanded with instructions to dismiss.

VAIDIK, J., and CRONE, J., concur.

---

**5.** Our supreme court has clarified, "Attorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension." *K.S. v. State,* 849 N.E.2d 538, 541 (Ind.2006). " 'The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular class belongs.' " *Id.* at 542 (quoting *Troxel v. Troxel,* 737 N.E.2d 745, 749 (Ind. 2000)). The court further explained, *"Real* jurisdiction problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as jurisdictional' misapprehends the concepts." *Id.* at 542.