Robert T. GUY, Appellant–Petitioner,

v.

COMMISSIONER, INDIANA BUREAU OF MOTOR VEHICLES, Appellee–Respondent.

No. 30A01–1001–PL–186.

Court of Appeals of Indiana.

Nov. 15, 2010.

David P. Murphy, David P. Murphy & Associates, P.C., Greenfield, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Kathy Bradley, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Robert T. Guy appeals the trial court's denial of his verified petition for order to renew his Indiana operator's license. Because Guy only served the Commissioner of the Bureau of Motor Vehicles and did not also serve the Attorney General, as required by both the Indiana Administrative Orders and Procedures Act and Indiana Trial Rule 4.6(A)(3), we conclude that the trial court did not have personal jurisdiction and therefore could not enter any order in this case. We therefore vacate the trial court's order.

### Facts and Procedural History

In 2001 Guy lived in Florida. He was required by the Florida Department of Motor Vehicles ("Florida DMV") to attend a lifetime DUI school as a condition of maintaining his Florida driver license. Tr. p. 5.

In September 2001 Guy moved to Greenfield, Indiana, and was issued an Indiana operator's license. In order to obtain his Indiana operator's license, Guy wrote to the Florida DMV and received the following letter, dated September 12, 2001:

> In reply to your recent inquiry, your driving privilege is not under revocation or suspension in the State of Florida.
> Number: G000–778–48–415–0
> Type: Florida Class E License
> Endorsement(s): NONE
> Restrictions: D
> Issued: 5/22/96 Expiration: 11/15/02
>
> We suggest this letter be presented within 30 days from the above date as some states will not accept it after that time.

Ex. B. Guy later renewed his Indiana operator's license in 2005.

In September 2009 Guy attempted to renew his Indiana operator's license at a Greenfield license branch. He received notice from the Indiana Bureau of Motor Vehicles ("Indiana BMV") around September 11, 2009, that a "national system" had returned a "possible match inquiry" which prevented renewal of his Indiana operator's license. Appellant's App. p. 7. He was instructed to contact the Florida DMV in Tallahassee for more information. Id.

Thereafter, Guy hired an attorney and learned that the Florida DMV had permanently revoked his Florida driver license because of his failure to attend Florida DUI school after moving to Indiana.

On December 1, 2009, Guy filed a Verified Petition for Order to Renew Driver's License and for Expedited Hearing in Hancock Superior Court. The caption lists "Commissioner, Indiana Bureau of Motor Vehicles" ("Commissioner") as the only respondent. A summons was sent by certified mail to the Commissioner at 100 North Senate Avenue in Indianapolis. It was signed for on December 11, 2009, by a "B Woods." Id. at 9, 14. Thereafter, Guy filed a motion for findings and conclusions pursuant to Indiana Trial Rule 52.

An expedited hearing was held on December 29, 2009. Guy appeared in person and by counsel. The Commissioner did not appear. At the conclusion of the hearing, the trial court took the matter under advisement. On January 14, 2010, the trial court denied Guy's motion for findings and conclusions and specifically denied his petition to order the Commissioner to renew his Indiana operator's license. Guy now appeals.

### Discussion and Decision

Guy appeals the trial court's denial of his verified petition for order to renew his Indiana operator's license. The Commissioner responds that the trial court lacked personal jurisdiction to consider Guy's petition because Guy failed to serve the At-

torney General, as required by the Indiana Administrative Orders and Procedures Act ("AOPA"), Indiana Code section 4–21.5–1–1 *et seq.* The Commissioner points out that the first time the Attorney General was served with anything was the Appellant's Brief.

AOPA provides the exclusive means for judicial review of a final agency action. Ind.Code § 4–21.5–5–1; *Ind. Family & Social Servs. Admin. v. Meyer*, 927 N.E.2d 367, 370 (Ind.2010); *Reedus v. Ind. Dep't of Workforce Dev.*, 900 N.E.2d 481, 487 (Ind.Ct.App.2009). An aggrieved petitioner must file a petition with the trial court within thirty days of service of the final agency action.[1] Ind.Code § 4–21.5–5–5. A trial court may only set aside agency action that is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence. Ind.Code § 4–21.5–5–14(d).

Indiana Code section 4–21.5–5–8 describes whom a petitioner seeking judicial review must serve and how service is to be achieved:

(a) A petitioner for judicial review *shall* serve a copy of the petition upon:

(1) the ultimate authority issuing the order;

(2) the ultimate authority for each other agency exercising administrative review of the order;

(3) *the attorney general;* and

(4) each party to the proceeding before an agency;

in the manner provided by the rules of procedure governing civil actions in the courts. If the ultimate authority consists of more than one (1) individual, service on the ultimate authority must be made to the secretary or chairperson of the ultimate authority.

(b) The petitioner shall use means provided by the rules of procedure governing civil actions in the courts to give notice of the petition for review to all other parties in any proceedings that led to the agency action.

(Emphases added).

It is undisputed that Guy served only the Commissioner. He did not serve the Attorney General, which Indiana Code section 4–21.5–5–8 expressly requires. Even though no one appeared on behalf of the Commissioner at the expedited hearing, Guy calls his failure to serve the Attorney General a "minor procedural error" and claims that the Commissioner, by arguing lack of personal jurisdiction on appeal, is making a "mountain out of a molehill." Appellant's Reply Br. p. 6.

This Court considered whether a trial court lacked personal jurisdiction over a state agency in *Evans v. State*, 908 N.E.2d 1254 (Ind.Ct.App.2009), *reh'g denied.* There, an ALJ decided that Beulah Evans was not eligible for certain Medicaid coverage, and the Indiana Family and Social Services Administration ("FSSA") affirmed the ALJ's decision. *Id.* at 1256. Evans filed a verified petition for judicial review with the trial court. *Id.* The caption on the summons named the State and the FSSA as respondents. *Id.* Summonses were sent via certified mail to Governor Daniels (as opposed to the head of the FSSA) and the Attorney General. *Id.*

---

1. Although raised by neither party on appeal, we note that Guy likely received the letter from the Indiana BMV in September 2009 as it is dated September 11, 2009, but he did not file his petition for judicial review until December 1, 2009.

A deputy attorney general subsequently entered an appearance on behalf of the State and the FSSA and requested an extension of time to respond to Evans' petition. *Id.* The deputy attorney general later filed a motion to dismiss Evans' petition for judicial review. *Id.* Evans then filed a motion for amendment of process requesting that she be permitted to serve E. Mitchell Roob, Jr., secretary of the FSSA. *Id.* After a hearing, the trial court granted the State and the FSSA's motion to dismiss, concluding that it did not have "jurisdiction over this cause." *Id.* Evans appealed. *Id.*

On appeal, we noted that, generally speaking, ineffective service of process prohibits a trial court from having personal jurisdiction over a defendant. *Id.* at 1258. However, we pointed out that this was not a case where there was a "total lack of service" because both the Governor and the Attorney General were served. *Id.* As for service on the Attorney General, we noted that Indiana Trial Rule 4.6(A)(3) requires the Attorney General to be served when a state governmental organization is a defendant. *Id.;* see also *Smock v. State ex rel. Cohen,* 257 Ind. 112, 272 N.E.2d 611, 613 (1971). Evans served the Attorney General, and a deputy attorney appeared in court on behalf of both the State and the FSSA. Regarding service on the FSSA, we concluded that even though Evans incorrectly sent one of the summonses to the Governor instead of to Secretary Roob, dismissal for lack of personal jurisdiction was not warranted. *Evans,* 908 N.E.2d at 1258. We relied on Trial Rule 4.15(F), titled "Defects in summons," which provides: "No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted again him, the name of the court, and the time within which he is required to respond." We concluded that not only did the FSSA have actual notice of the action, as evidenced by the deputy attorney general's appearance on behalf of the FSSA, but also the summons itself was reasonably calculated to inform the FSSA of the action because the summons specifically named the FSSA as a respondent. *Id.* at 1259. We therefore reversed the trial court. *Id.; see also Thomison v. IK Indy, Inc.,* 858 N.E.2d 1052, 1058 (Ind.Ct.App. 2006) ("Thus, Trial Rule 4.15(F) will prevent service of process which is technically deficient from defeating the personal jurisdiction of a court. [A]lthough actual notice alone will not cure defective service, it may be considered in determining whether the notice was reasonably calculated to inform an organization of the action." (citation omitted)).

This case is unlike *Evans.* In *Evans,* two entities were served—the Governor and the Attorney General. And although the Governor was wrongly served, the FSSA was properly named in the caption on the summons. Moreover, a deputy attorney general appeared on behalf of both the State and the FSSA. Here, however, only one entity was served, the Commissioner, on December 11. An expedited hearing was held approximately two weeks later on December 29, at which no one appeared on behalf of the Commissioner. Because there was no attempt at serving the Attorney General, Trial Rule 4.15(F) cannot be used in this case to cure any defective service to the Attorney General. *Evans* is thus not controlling.

Because the Attorney General was not served as required by both the AOPA and Trial Rule 4.6(A)(3), it comes as no surprise that no one appeared on the Commissioner's behalf at the December 29 expedited hearing. The volume of paperwork and mail that is processed through the Commissioner's office in In-

dianapolis (as well as through any state agency's office) underscores the importance of requiring service on the Attorney General when a state agency is involved. As instructed by Professor William F. Harvey,

> Normally, in suing a governmental agency or organization, service must be made on the director or head of that agency, and upon the Attorney General of Indiana. If the Attorney General is not served, then the time for an Answer will not commence until that occurs. Indiana law is very firm on the duty to serve the Attorney General, in addition to the head of agency . . . .

1 William F. Harvey, *Indiana Practice: Rules of Procedure Annotated* § 4.6 at 341 (3d ed.1999). Because Guy did not serve the Attorney General, his service of process was ineffective in this case. The trial court did not have personal jurisdiction over the Commissioner and therefore could not enter any order in this case. We therefore vacate the trial court's order.

Vacated and Reversed.

MAY, J., and ROBB, J., concur.