Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 30 2012, 9:57 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**VICKY L. TISDIAL**
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VICKY L. TISDIAL, | ) | |
| Appellant, | ) | |
| vs. | ) | No. 29A05-1011-CR-728 |
| STATE OF INDIANA, | ) | |
| Appellee. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable William J. Hughes, Judge
Cause No. 29D03-0905-CM-216

**March 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

Vicky L. Tisdial appeals the trial court's denial of her petition requesting expungement of her arrest record. The State cross appeals.

We reverse.

## ISSUE

Whether the trial court's order is void for lack of personal jurisdiction.

## FACTS

On May 20, 2009, an officer with the Carmel Police Department arrested Tisdial after she sprayed mace into the face of Christine Young. The next day, Tisdial was charged with battery resulting in bodily injury, a class A misdemeanor. On December 2, 2009, the State moved to dismiss the charge. On March 31, 2010, Tisdial moved pro se to expunge her arrest record.

On April 27, 2010, Tisdial's public defender filed an amended expungement petition, claiming that expungement was appropriate because "no offense was committed." (Tisdial's Amended App. 249). Tisdial served a copy of the amended petition on the Hamilton County Prosecutor's Office, the Carmel Police Department, and the Indiana State Police Central Repository. Tisdial did not serve the Attorney General.

On August 26, 2010, after a hearing, the trial court denied Tisdial's request for an expungement. The trial court found that Tisdial failed to prove that no offense was committed and/or that the Carmel Police Department did not have probable cause for the arrest.

DISCUSSION

Even though Tisdial's petition was denied, the State argues on cross appeal that the trial court's order should be set aside as void. The State notes that while the expungement statute, Indiana Code section 35-38-5-1, requires that a copy of the expungement petition be served only on "the law enforcement agency and the state central repository of records," Indiana Trial Rule 4.6 requires service "[i]n the case of a state governmental organization upon the executive officer thereof and also upon the Attorney General." The State cites *Guy v. Commissioner, Ind. Bureau of Motor Vehicles*, 937 N.E.2d 822 (Ind. Ct. App. 2010) in support of its cross appeal.

In *Guy*, the Bureau of Motor Vehicles ("the BMV") denied the renewal of Guy's driver's license. Guy filed a petition asking the trial court for a hearing and an order renewing his license. Guy sent a summons to the BMV's Commissioner but failed to file a summons with the Attorney General, as was required by both Indiana Code section 4-21.5-5-8 and T.R. 4.6. The Commissioner did not appear at the hearing; however, the trial court "specifically denied [Guy's] petition to order the Commissioner to renew his Indiana operator's license." *Id.* at 823.

Guy appealed the trial court's denial of his petition for an order to renew his Indiana operator's license. The Commissioner responded that "the trial court lacked personal jurisdiction to consider Guy's petition because Guy failed to serve the Attorney General . . . ." *Id.* at 823-24. We held that when a party fails to serve the Attorney General under Trial Rule 4.6, then service of process is ineffective. *Id.* at 825. We also held that lack of service to the Attorney General deprives the trial court of personal

3

jurisdiction over the State agency affected and, therefore, the trial court "[cannot] enter *any* order in this case." *Id.* at 826 (Emphasis added). We then held that the trial court's order should be vacated because the court did not have personal jurisdiction. *Id.*

Here, service upon the state central repository of records was required by Indiana Code section 35-38-5-1. Because the central repository is a state governmental organization, service also was required upon the Attorney General under Trial Rule 4.6. Such service did not occur; therefore, the trial court was deprived of personal jurisdiction over the agency and could not enter any order in the case.[1] Under *Guy*, the trial court's order is void. Accordingly, we reverse with instructions that the trial court vacate its order.[2]

Reversed with instructions.

BAKER, J., and BAILEY, J., concur.

---

[1] The trial court's Chronological Case Summary does not indicate that the Attorney General filed an appearance or appeared at the hearing.

[2] The Attorney General asks us to dismiss the appeal and to "affirm the trial court in all respects." State's Br. at 8. We cannot affirm a void judgment, as it is a complete nullity that may be attacked at any time. *Stidham v. Whelchel*, 698 N.E.2d 1152, 1156 (Ind. 1998).