**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**THOMAS R. CLEMENTS**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS CLEMENTS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1205-CR-200 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Charles C. Wicks, Judge
Cause No. 20D05-0601-FD-30

**February 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Thomas Clements appeals the trial court's denial of his verified petition to limit access to criminal history. We do not reach the merits of his appeal, however, because the trial court's order is void for lack of personal jurisdiction.

We reverse and vacate the trial court's order.

**FACTS AND PROCEDURAL HISTORY**

Clements filed his verified petition to limit access to criminal history on March 16, 2012. Clements sought an order from the trial court "to the State police department not to disclose [information regarding charges in Cause Number 20D05-0601-FD-30] to any non-criminal justice organization or individual[.]" Appellant's App. at 11. Clements' certificate of service indicated that he had served the Elkhart County Prosecutor's office and the State "central repository for records" with copies of his petition, but it did not indicate that he had served the State Attorney General's office. Id. at 12. The trial court ultimately denied Clements' petition, and he initiated this appeal.

**DISCUSSION AND DECISION**

The State points out that Indiana Trial Rule 4.6(A)(3) provides that service may be made, "[i]n the case of a state governmental organization[,] upon the executive officer thereof and also upon the Attorney General." Our supreme court has clarified that service upon the Attorney General is mandatory, despite use of the word "may" in the rule. See Evans v. State, 908 N.E.2d 1254, 1258 (Ind. Ct. App. 2009) (citing Smock v. State, 257 Ind. 112, 272 N.E.2d 611, 613 (1971)). And Professor William F. Harvey has observed:

2

> Normally, in suing a governmental agency or organization, service must be made on the director or head of that agency, and upon the Attorney General of Indiana. If the Attorney General is not served, then the time for an Answer will not commence until that occurs. Indiana law is very firm on the duty to serve the Attorney General, in addition to the head of agency[.]

1 William F. Harvey, Indiana Practice: Rules of Procedure Annotated § 4.6 at 341 (3d ed. 1999).

Because Clements did not serve the Attorney General, his service of process was ineffective in this case. The trial court did not have personal jurisdiction over the respondents and, therefore, could not enter any order in this case. See Guy v. Comm'r, Ind. Bureau of Motor Vehicles, 937 N.E.2d 822, 826 (Ind. Ct. App. 2010). The trial court's order is void.

Reversed and trial court's order vacated.

FRIEDLANDER, J., and BRADFORD, J., concur.