**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 12 2014, 8:52 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**PHILIP H. CHAMBERLAIN**
Clear Creek, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PHILIP H. CHAMBERLAIN, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  53A01-1309-CR-425 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Mary Ellen Diekhoff, Judge
Cause No. 53C05-0505-FC-296

**September 12, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Philip Chamberlain appeals the trial court's denial of his verified petition to expunge his arrest record. However, Chamberlain did not serve the Attorney General as required by Indiana Trial Rule 4.6(A)(3), and we do not reach the merits of his appeal because the trial court's order is void for lack of personal jurisdiction.

FACTS

On May 19, 2005, Chamberlain was charged with the offer or sale of an unregistered security, a class C felony, and with committing fraudulent or deceitful acts with the offer, sale, or purchase of a security, a class C felony. On November 9, 2006, the charges were dismissed upon the State's motion. The specific reason for the State's dismissal is not in the record.

On March 11, 2013, Chamberlain filed a petition to restrict his arrest record under Indiana Code section 35-38-5-5.5. The trial court granted his petition on May 30, 2013. On June 24, 2013, Chamberlain filed a verified petition to expunge his arrest record under Indiana Code section 35-38-5-1.[1] He served copies of the petition on the Indiana State Police Central Records Division, the Monroe County Prosecutor's Office, and the Monroe County Sheriff's Department. He did not serve the Attorney General.

On July 12, 2013, the Monroe County Prosecutor's Office filed its response in opposition to Chamberlain's petition. On July 16, 2013, the trial court denied Chamberlain's petition.

Chamberlain now appeals, and the State cross-appeals.

---

[1] Indiana Code section 35-38-5-1 was repealed on March 26, 2014.

2

## DISCUSSION AND DECISION

The State argues that the trial court did not have jurisdiction over Chamberlain's motion. It notes that Chamberlain failed to serve the Attorney General, which resulted in ineffective service of process.

Indiana Trial Rule 4.6(A)(3) provides that service may be made, "[i]n the case of a state governmental organization[,] upon the executive officer thereof and also upon the Attorney General." Our Supreme Court has held that, despite use of the word "may" in the rule, service upon the Attorney General is mandatory. See Evans v. State, 908 N.E.2d 1254, 1258 (Ind. Ct. App. 2009) (citing Smock v. State, 257 Ind. 112, 272 N.E.2d 611, 613 (1971)). As Professor William F. Harvey has instructed,

> Normally, in suing a governmental agency or organization, service must be made on the director or head of that agency, and upon the Attorney General of Indiana. If the Attorney General is not served, then the time for an Answer will not commence until that occurs. Indiana law is very firm on the duty to serve the Attorney General, in addition to the head of agency[.]

1 William F. Harvey, Indiana Practice: Rules of Procedure Annotated § 4.6 at 341 (3d ed. 1999).

Because Chamberlain did not serve the Attorney General, his service of process was ineffective in this case. Consequently, the trial court did not have personal jurisdiction over the respondents and could not enter any order in this case. See Guy v. Comm'r of Ind. Bureau of Motor Vehicles, 937 N.E.2d 822, 826 (Ind. Ct. App. 2010). The trial court's order is void.

3

The judgment of the trial court is vacated.

KIRSCH, J., and ROBB, J., concur.